Bryan A. Albue, Fennemore Craig, P.C., Phoenix, Arizona.

Michael E. Gottfried, Beus, Gilbert & Morrill, Phoenix, Arizona.

### ORDER DISMISSING CASE

CHARLES G. CASE, II, Bankruptcy Judge.

### I. INTRODUCTION.

Before the Court is a Motion to Dismiss filed by creditor Robert C. Russoli ("Russoli"). Russoli claims that the Debtors, Snellen M. Johnson and Suzanne Johnson ("Debtors"), do not meet the eligibility standards to file Chapter 13, as set forth in Section 109(e), because their unsecured debts exceed the statutory maximum of $250,000.[1] Russoli argues that at least two unsecured claims, his own and that of Fritz Richard and Edwin J. MacDonald ("Macdonald"), each, independently, put Debtors over the $250,000 maximum. In addition, creditor Gerald Bisgrove has an unsecured claim of $79,000.

After a hearing held on September 7, 1995, the Court entered a detailed order on the Motion to Dismiss on October 5, 1995. In that Order, the Court modified the automatic stay to allow a state court to rule on a pending motion for summary judgment regarding the Russoli's claim against Debtor. Regarding the MacDonald and Bisgrove claims, the Court scheduled an evidentiary hearing for November 7, 1995 to determine whether each was contingent and/or unliquidated. At the November 7 hearing, the parties produced a stipulation dated November 6, 1994, wherein the Debtors stipulated that: (i) the Bisgrove claim was unsecured, noncontingent and liquidated in the amount of

**In re Snellen M. JOHNSON and Suzanne Johnson, Debtors.**

**Bankruptcy No. B–95–2029–PHX–CGC.**

United States Bankruptcy Court, D. Arizona.

Jan. 12, 1996.

---

1. Unless otherwise provided herein, references to Sections are to sections of 11 U.S.C. § 101, *et* *seq.*

$79,789 on the petition date; and (ii) Mac-Donald's claim against Debtors was liquidated and noncontingent on the petition date, but secured by property not owned by Debtors.

One day prior to the November 7 hearing, on November 6, 1995, the state court granted summary judgment in favor of the Russoli's and against Debtor and held:

> The Court finds there is a liquidated amount being sought by the Plaintiff [Russoli], the $175,000 original investment plus interest from the date of the investment plus attorney's fees and costs which Plaintiff seeks to have trebled.
>
> The Court further finds that Defendants have failed to raise a genuine dispute as to material fact....
>
> IT IS ORDERED granting Plaintiff's Motion for Partial Summary Judgment

Minute Entry, filed November 13, 1995.

The parties requested additional time to brief the implication of the state court ruling; the parties filed simultaneous supplemental briefs on November 7, 1995 and Russoli filed a response to supplement on November 22, 1995. Thereafter the matter was deemed taken under advisement.

## II. FACTS.

The facts are set forth in detail in the October 5, 1995 Order and are incorporated herein.

## III. DISCUSSION.

### A.  The debt limits of Section 109.

Section 109(e) provides:

(e) Only an individual with regular income *that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and non*-contingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commod-ity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and non-contingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.

(emphasis added).  Thus the question in this case is whether the Debtors owed on the date of the filing of their petition, noncontingent, liquidated, unsecured debts of less than $250,000.

An analysis of the relevant authority from the Ninth Circuit Bankruptcy Appellate Panel interpreting Section 109(e) is set forth in the October 5 Order and will not be repeated here.  Because of the November 6 stipulation between the parties, the Court will take as true the debtor's liability in the amount of approximately $79,789 on the Bisgrove claim. The summary judgment order from the state court on the Russoli claim establishes that the Bisgrove's have a liquidated, noncontingent claim of *at least* $175,000, not including interest, attorney's fees or treble damages.

The Debtors urge the Court to ignore the summary judgment because they intend to appeal.  To ignore the summary judgment would be contrary to this Court's October 5 Order wherein the Court explained that the state court *could* determine by summary judgment whether the Russoli claim was liquidated as of the petition date.  The fact that the claim will be further *disputed* on appeal does not make it unliquidated or contingent.

The Court need go no further; the two claims combined, the Bisgrove claim and the Russoli claim, already exceed the statutory maximum of $250,000 for noncontingent, liquidated, unsecured claims.[2]  Accordingly, the Debtor does not qualify for relief under Chapter 13.

## IV.  CONCLUSION.

The Court has considered all the papers filed by the parties and the oral argument of counsel.

---

**2.**  The Court notes that, pursuant to the stipulation of the parties, the liquidated, noncontingent MacDonald claim in the amount of $502,623 was owed by the Debtors as of the petition date. Debtors argue that it should not be counted as an unsecured claim because it is secured by non-debtor property; the Russoli's argue otherwise. Because of the Court's ruling regarding the Bisgrove and Russoli claim, the Court need not decide whether the MacDonald claim should be considered secured for purposes of § 109(e).

Therefore, **IT IS ORDERED** dismissing the Debtors' petition.